**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IDRIS ABDUS-SABER,**<br>**Plaintiff,**<br><br>v.<br><br>**NAVY FEDERAL CREDIT UNION,**<br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION NO.**<br>**25-5909** |

**MEMORANDUM**

**J. Younge** **August 20, 2026**

## I. INTRODUCTION

Appellant appeals the judgment entered by the Honorable Chief Judge Ashley M. Chan on October 2, 2025, dismissing this case with prejudice. That decision rested, in part, on the issue of claim preclusion because plaintiff had previously litigated the claims he had raised before Judge Chan in Pennsylvania state court. (See ECF 7; Adv. Proc. No. 25-00150-AMC, ECF 42). In the instant litigation before this Court, Appellant has failed to prosecute his appeal. Appellant filed his certificate of appeal on October 16, 2025. On November 11, 2025 this Court issued its Briefing Schedule, instructing Appellant to serve and file his brief within 30 days of filing his certificate of appeal. That would have made Appellant's brief due on November 17, 2025, the first weekday after the filing deadline, consistent with Federal Rule 8018(a)(1). However, Appellant did not file his brief at that point. Instead, on February 17, 2026, Appellee filed a motion to dismiss for failure to prosecute. Appellant responded to that motion two days later on February 19, 2026, three entire months after his initial filing was due. On that same day Appellant filed his response to motion to dismiss the appeal and a motion for an extension of time to file his brief, while simultaneously filing his brief in any case.

## II. ANALYSIS

The Local Rules of Bankruptcy Procedure state that a "motion for an extension of time [to file a brief] should be made at least 3 days in advance of the due date for filing the brief." E.D. Pa. L.B.R. 8018-1(b). Thus, under the Local Rules, any request for an extension was due well in advance of Appellant's February 19 filing date. "If an appellant fails to file a brief on time or within an extended time authorized under (a)(3), the district court or BAP may—on its own after notice or on the appellee's motion—dismiss the appeal." Fed. R. Bankr. P. 8018(a)(4); *In re Ruiz*, 776 F. App'x 750, 752 (3d Cir. 2019) (affirming dismissal of *pro se* appellant's bankruptcy appeal where she failed to timely file a brief).

In this instance, this Court will enforce Fed. R. Bankr. P. 8018(a)(4) and dismiss the appeal for failure to timely file a brief and failed to timely ask for an extension. In making this decision, this Court analyzes the relevant *Poulis* factors. *Ruiz*, 776 F. App'x at 751 (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984)). Those factors are : (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis* 747 F.2d at 868.

### A) The *Poulis* factors

With respect to the first factor, it is the responsibility of a Plaintiff to prosecute his/her claim. Here, Appellant is proceeding *pro se*, so his failure to comply with this Court's orders could not be attributed to counsel. The record reflects that Appellant was aware of the Court's *Briefing Schedule* (ECF No. 5) by explaining in his motion that he "reasonably but mistakenly

believed that he could and should await further action on the state court appeal and related orders before finalizing and filing his federal appellate brief" and he "mis-calendared the deadline in this Court." (ECF No. 9) Based on Appellant's argument on his delay, the Court can only conclude that Appellant is personally responsible for his failure to file a brief in accordance with the *Briefing Schedule*. While Appellant argues that his failure to file the brief was "the product of confusion over the interaction of multiple appeal schedules, limited resources, and his lack of formal training in federal appellate procedure" (ECF No. 9), Appellant, as a "pro se part[y,] must still ultimately 'abide by the same rules that apply to all other litigants.'" *Freeman v. Lincalis*, 158 F.4th 166, 175 (3d Cir. 2025) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Therefore, the first factor weighs in favor of dismissal.

In considering the second factor, evidence of prejudice to an adversary "would bear substantial weight in support of a dismissal." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). In this case, Appellant failed to file its' brief in accordance with the Court's Briefing Schedule and Fed. R. Bankr. P. 8018(a)(4). The deadline had elapsed by over three months when Appellee moved to dismiss the bankruptcy appeal (ECF No. 7) arguing that Appellant's delay was prejudicial because he failed to meet the court's scheduling deadline. Appellee further argues that this matter has been pending for nearly a year since the adversary proceeding was filed. While a party need not show "'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (citation omitted). The Court construes Appellant's inability to timely file a brief to be prejudicial to Appellee. Therefore, the second factor weighs in favor of dismissal.

The third factor considers whether there is a history of dilatoriness. The Court finds that the evidence of Appellant's delay of over two months is insufficient to demonstrate a history of dilatoriness. *See Scarborough*, 747 F.2d at 875 (finding that, although the plaintiff's pretrial documents were "filed inexcusably late," it was not the same history of dilatoriness present in *Poulis*, 747 F.2d at 868). Therefore, this Court finds that the third factor does not weigh in favor of dismissal.

With respect to the fourth factor, the Court must determine whether the conduct of the party or the attorney was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994). Appellant's brief was due well in advance of his February 19, 2025 filing date. Instead of filing a motion for extension of time, Appellant argues that the reason for his delay was due to "reasonably but mistakenly believed that he could and should await further action on the state court appeal and related orders before finalizing and filing his federal appellate brief" and he "mis-calendared the deadline in this Court." (ECF No. 9). As has already been stated, both Rule 8018 and this Court's scheduling order made clear the deadline for filing the Appellant's brief. In any case, the Supreme Court has held that "a garden variety claim of excusable neglect . . . such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline" is an insufficient grounds upon which to grant relief. *Holland v. Florida*, 560 U.S. 631, 651–52 (2010) (citation modified). Mis-calendaring a deadline is not excusable neglect. *See Doe v. 9197-5904 Quebec, Inc.*, 727 F. App'x 737, 739–740 (3d Cir. 2018). Accordingly, the fourth factor weighs in favor of dismissal.

Next, under the fifth factor, it must be evaluated whether there are effective sanctions other than dismissal. But here, dismissal is the appropriate remedy. Indeed, it is the one provided

for by Rule 8018(a)(4). In any case, because Appellant is proceeding pro se, there is no mistake in this case that can be attributed to a neglectful attorney.

Finally, sixth, the meritoriousness of the claim must be considered. The standard for determining whether a claim is meritorious "is moderate." *Hildebrand v. Allegheny County*, 923 F.3d 128, 137 (3d Cir. 2019) (citing *Adams*, 29 F.3d at 876). The standard is akin to the 12(b)(6) standard for failure to state a claim -- a claim will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff. *Id.* Here, the record of the bankruptcy proceeding makes clear that there is no merit to Appellant's claim. As the Honorable Judge Chan found, Appellant has already litigated these claims in Pennsylvania state court. Accordingly, Appellant's claims are barred by the doctrine of res judicata. (See ECF 7; Adv. Proc. No. 25-00150-AMC, ECF 42). Thus, the sum total of the *Poulis* factors weigh against Appellant, and his case is dismissed for failure to timely file. An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ John Milton Younge*
**Judge John Milton Younge**